IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| *DARCY SMITH,* | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 4:20-cv-1396 |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| *LIVE NATION ENTERTAINMENT, INC.,* | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

COMES NOW defendant Live Nation Worldwide, Inc. (misidentified as Live Nation Entertainment, Inc. in plaintiff's Petition and hereinafter referred to as "Live Nation") by and through its attorneys, Sandberg Phoenix & von Gontard P.C., pursuant to 28 U.S.C. § 1332, § 1441 and Rule 81(c) of the Federal Rules of Civil Procedure, and for its Notice of Removal states as follows:

1. Plaintiff filed this civil action on August 21, 2020 in the Circuit Court of St. Charles County, State of Missouri, Cause No. 2011-CC00783, against Live Nation for the alleged wrongful death of her husband at defendant's concert venue.

2. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, a copy of the complete file from the State Court is attached hereto and incorporated herein as Exhibit A.

3. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action could have originally been filed in this Court pursuant to 28 U.S.C. § 1332.

4. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between plaintiff and Live Nation and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14035278.v1

5. Pursuant to the allegations of her Petition plaintiff was a resident of the State of Missouri at the time of commencement of this action. (*See*, plaintiff's Petition at ¶ 1).

6. Live Nation's state of incorporation is Delaware and its principal place of business is located in California.

7. Therefore, there is requisite diversity of citizenship between the parties.

8. Although plaintiff does not plead a specific amount of damages she seeks to recover other than an amount "in excess of $25,000," Live Nation can establish the amount in controversy requirement is met based upon plaintiff's allegations and the relief requested in her Petition.[1]

9. When a plaintiff fails to plead the specific amount of recovery she seeks, "the removing party in a case based upon diversity of citizenship must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In Re Minn. Mut. Life Ins. Co., Sales Practice Lit.,* 346 F.3d 830, 834 (8th Cir. 2003); *see also, Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009); 28 U.S.C. § 1446(c)(2)(B) (amount in controversy determined by "preponderance of the evidence").

10. Importantly, "the jurisdictional fact…is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 833 (8th Cir. 2005) (citing *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002)).

11. Plaintiff claims the alleged accident caused decedent to suffer severe injuries that included a fractured skull, contrecoup contusions to his brain, and swelling that resulted in

---

[1] Live Nation is not required to concede that plaintiff is, in fact, entitled to recover more than $75,000.  *See Kelderman v. Remington Arms Co.*, 734 F. Supp. 1527, 1528 (S.D. Iowa 1990) (rejecting plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far").  Indeed, Live Nation specifically denies that plaintiff is entitled to recover any damages.

conscious pain and suffering before ultimately causing his death. (*See*, Petition at ¶ 28).

12. As a result of decedent's death, plaintiff has allegedly suffered damages to include the (a) loss of decedent's services, consortium, companionship, comfort, instruction, guidance, counsel, training, support, past and future income, household services, and other valuable services; (b) loss of decedent's financial and emotional support; and, (c) incurred expenses and bills related to decedent's medical treatment, funeral, and burial. (*See*, Petition at ¶ 25-27).

13. Where the plaintiff has alleged such serious damages, Federal Courts in Missouri have concluded the amount in controversy requirement has been met. *See Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002); *Hall v. Vlahoulis,* No. 06-6107-CV-SJ-FJG, 2007 WL 433266, at *1 (W.D. Mo. Feb. 5, 2007).

14. Thus, plaintiff's claim for damages arising from the alleged wrongful death of her husband, when coupled with her claim for lost emotional and financial support and other injuries, demonstrates that based on the preponderance of the evidence the amount in controversy exceeds $75,000.

15. The United States District Court for the Eastern District of Missouri, Eastern Division, embraces the county in which the state court action is now pending.

16. Thus, this Court is the proper venue for this action pursuant to 28 U.S.C. § 105 (a)(1).

17. Live Nation was served with plaintiff's Petition on September 2, 2020, and, therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty days of service.

14035278.v1

18. Pursuant to 28 U.S.C. § 1446(d), Live Nation will give written notice of the filing of this Notice of Removal to plaintiff and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of St. Charles County, Missouri, the Court in which the action is currently pending.

19. If any question arises as to the propriety of the removal of this action, Live Nation requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

20. Pursuant to Local Rules, the Civil Cover Sheet and Original Filing Form are attached to this Notice of Removal as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively.

21. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Live Nation's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of (a) lack of jurisdiction over the person, (b) improper venue, (c) insufficiency of process, (d) insufficiency of service of process, (e) improper joinder of claims and/or parties, (f) failure to state a claim, (g) failure to join indispensable party, or (h) any other procedural or substantive defense available under state or federal law.

WHEREFORE, defendant Live Nation Worldwide, Inc. (misidentified as Live Nation Entertainment, Inc. in plaintiff's Petition) respectfully requests that this case now pending in the Circuit Court of St. Charles County, Missouri, be removed to the United States District Court for the Eastern District of Missouri, Eastern Division, and for such other and further relief as the Court deems just and proper in the premises.

14035278.v1

                SANDBERG PHOENIX & von GONTARD P.C.

        By:   */s/ Timothy B. Niedbalski*
                Timothy B. Niedbalski, # 59968
                Hayley C. Bohnert, #70887
                600 Washington Avenue - 15th Floor
                St. Louis, MO  63101-1313
                314-231-3332
                314-241-7604 (Fax)
                tniedbalski@sandbergphoenix.com
                hbohnert@sandbergphoenix.com

                Attorneys for Defendant

**Certificate of Service**

      I hereby certify that on <u>29th</u> day of September 2020 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Charles A. "Chip" Gentry
Jason L. Call
Emily J. Fretwell
Nicholas D. Leslie
CALL & GENTRY LAW GROUP, LLC
chip@callgentry.com
jason@callgentry.com
emily@callgentry.com
nick@callgentry.com

*Attorneys for Plaintiff*

                */s/ Timothy B. Niedbalski*

14035278.v1