**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DARCY SMITH, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1396 RLW |
| | ) | |
| LIVE NATION ENTERTAINMENT | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Live Nation Worldwide Inc.'s ("Live

Nation") motion for the Court to reconsider its October 22, 2020 Order Granting Plaintiff's Motion

for Leave to Amend her Complaint.[1]   (ECF No. 20).   Also pending before the Court is Defendant

Leslie Ramsey's Motion to Dismiss, (ECF No. 30), and Plaintiff's Motion to Dismiss, (ECF No.

24).   For the reasons that follow, the Court denies Defendant Live Nation's motion to reconsider

and Defendant Ramsey's motion to dismiss and grants Plaintiff's motion to remand.

*I.  Background*

Plaintiff Darcy Smith, a resident of Missouri, filed this action on August 21, 2020, in state

court against Defendant Live Nation for the wrongful death of her husband, Jasen Smith.   Plaintiff

alleges that following a Dave Matthews Band concert at Hollywood Casino Amphitheatre in St.

Charles, Missouri, Mr. Smith was struck in the head by a rental chair that was thrown by a Live

Nation employee.   "The force of the impact from the thrown chair caused Jasen to fall backward,

---

[1]Defendant Live Nation was improperly named as Live Nation Entertainment, Inc., in Plaintiff's
Petition.   Plaintiff corrected the mistake in her First Amended Complaint.   See ECF No. 12.   The
Court shall direct the Clerk of Court to correct the docket to reflect Defendant Live Nation's proper
name.

violently striking the back of his skull on the concrete and resulting in severe, catastrophic and ultimately fatal brain injury." (ECF No. 7 at 2). According to the Petition, Mr. Smith died as a result of his injuries. In her Petition, which was filed in the Circuit Court of St. Charles County, Plaintiff brought one state law claim for wrongful death against Defendant Live Nation.

On September 29, 2020, Live Nation removed the case to this Court on the basis of diversity pursuant to 28 U.S.C. §§ 1332 and 1441. Live Nation avers that it is incorporated in Delaware, and its principal place of business is in California and, therefore, there is complete diversity of citizenship. Live Nation also avers that the amount in controversy exceeds $75,000. On the same date Live Nation filed its Notice of Removal, it also answered Plaintiff's Petition.

On October 20, 2020, 21 days following service of Live Nation's Answer, Plaintiff filed a First Amended Complaint. The factual allegations in the First Amended Complaint are nearly identical to her original Petition. But in addition to a wrongful death claim against Live Nation, Plaintiff also brings a wrongful death claim against Leslie Ramsey, a Live Nation employee and resident of St. Louis County, Missouri. Plaintiff does not assert any claims under federal law.

Despite having filed her First Amended Complaint, on October 21, 2020, Plaintiff filed a "Motion to Amend Complaint as a Matter of Right and Memorandum of Law in Support." (ECF No. 14). Attached to the motion, as a proposed amended complaint, was the same First Amended Complaint Plaintiff had filed on October 20, 2020.

On October 22, 2020, through a Docket Text Order, the Court denied as moot Plaintiff's motion to amend. The full text of the Docket Text Order is as follows:

> Docket Text ORDER RE: ECF No. [14], Motion to Amend Complaint, filed by Plaintiff Darcy Smith; ORDERED denied as moot. Under Rule 15(a)(1)(B), Fed. R. Civ. P., plaintiff does not need leave of Court to amend and may file her First Amended Complaint as a matter of course, because it was filed within 21 days after

service of the responsive pleading. Plaintiff filed her Amended Complaint, as was her right, and no motion was required. Signed by District Judge Ronnie L. White on October 22, 2020.

On October 30, 2020, Live Nation filed its Motion for the Court to Reconsider its Order Granting Plaintiff's Motion to Amend Her Complaint, which is presently at bar.   (ECF No. 20). Live Nation argues the Court should reconsider its order because Live Nation was not allowed the opportunity to respond to Plaintiff's motion to amend.   Live Nation further argues: (1) the Court is within its power to reconsider its prior decision permitting leave to amend because Plaintiff did not fully inform the Court that Defendant Ramsey's addition would destroy diversity; (2) Plaintiff was dilatory in not naming Ms. Ramsey in state court; (3) Plaintiff added Ms. Ramsey's as a defendant solely to defeat diversity, and she is not an indispensable party.   In its motion, Defendant Live Nation does not argue Ms. Ramsey was fraudulently joined, or that Plaintiff's First Amended Complaint fails to state a claim against her.

Plaintiff opposed Live Nations' motion to reconsider and filed a motion to remand. Plaintiff argues complete diversity under 28 U.S.C. § 1332 no longer exists in this case and, therefore, the Court lack subject matter jurisdiction to hear the dispute.   Live Nation opposes the Motion to Remand.

On November 30, 2020 Defendant Ramsey entered an appearance and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).   Defendant Ramsey did not file a memorandum in support of her motion, and instead she states that she "adopts and incorporates as if more fully stated herein all arguments previously outlined and briefed in Defendant Live Nation Worldwide, Inc.'s . . . pending Motion for the Court to Reconsider its Order Granting Plaintiff's Motion to

Amend her Complaint [Doc. #20] in support of her Motion to Dismiss Count II of Plaintiff's

Amended Complaint. [Doc. # 14]."  (ECF No. 30).

## II.   Discussion

The Federal Rules of Civil Procedure do not mention motions for reconsideration.   The

United States Supreme Court has stated in regard to the reconsideration of orders that "as a rule,

courts should be loathe to [revisit prior decisions] in the absence of extraordinary circumstances .

. . ."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Arizona v.

California, 460 U.S. 605, 618 n.8 (1983)) (discussing law of the case doctrine).   Reconsideration

is appropriate to correct manifest errors of law or fact, or to present newly-discovered evidence.

Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985) (citation omitted).   A further basis

for a motion to reconsider would be a controlling or significant change in the law or facts since the

submission of the issues to the Court.   See, e.g., Above the Belt, Inc. v. Mel Bohannon Roofing,

Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).   The Court finds Live Nation fails to meet these criteria

and has presented no valid reason for the Court to reconsider its October 22, 2020 Order.

Live Nation argues in its motion that the Court granted Plaintiff's motion for leave to

amend before Defendant had time to response.   First, the Court did not grant Plaintiff's motion.

The motion was denied as moot. Second, it is of no import that Defendant did not have an

opportunity to respond to Plaintiff's motion because under the Federal Rules of Civil Procedure,

Plaintiff was entitled to amend her pleading as a matter of right.   "A party may amend its pleading

once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which

a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier."   Fed. R. Civ. P. 15(a)(1).

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)(2).   Rule 15 (a)(1) allows for amendment as a matter of right, and the Court has no discretion to deny a timely amendment.   See e.g., Williams v. Bd. of Regents of Univ. Sys. of Ga., 477 F.3d 1282, 1291-92 (11th Cir. 2007) (district court erred by failing to allow plaintiff to amend complaint as a matter of course), see also 2 Coquillette, et al., Moore's Federal Practice § 15.10 (3d ed. 2018).

The cases to which Live Nation cites in support of reconsideration are not applicable to the case at bar.   In Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009), Bailey v. Bayer CropScience L.P., 563 F.3d 302, 309 (8th Cir. 2009) Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), and Le Duc v. Bujake, 777 F. Supp. 10, 11 (E.D. Mo. 1991), the plaintiffs required leave of court to file their amended complaints.   That was not the case here. Plaintiff was entitled to amend her pleading as a matter of right.   See Fed. R. Civ. P. 15(a)(1).   In fact, in Bailey, the motion for leave to amend was filed more than a year after the case had been removed.   563 F.3d at 309.   And in Mayes v. Rapoport, 198 F.3d 457, 458 (4th Cir. 1999), the non-diverse defendant was added as a defendant, but was later dismissed under Rule 12(b)(6) as fraudulently joined because the district court found plaintiff had failed to state a claim against him. Id.   Here, Live Nation does not argue Plaintiff fraudulent joined or fails to state a claim against the non-diverse defendant, Defendant Ramsey.   The case is inapplicable.   Moreover, on appeal the Fourth Circuit reversed the district court finding plaintiff had stated a claim against the non-diverse defendant, and it remanded to the district court for further remand to state court.   Id.

The Court finds Live Nation's motion for the Court to reconsider its October 22, 2020 Order Granting Plaintiff's Motion for Leave to Amend her Complaint is entirely without merit. The motion is denied.

Defendant Leslie Ramsey moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based entirely on the arguments made in Live Nation's motion to reconsider.   Defendant Ramsey is not a proper Rule 12(b)(6) motion, in that she is not arguing that Plaintiff failed to state a claim against her.   On that basis alone it should be denied.   But as the motion to reconsider is without merit, the Court also denies defendant Ramey's Motion to Dismiss, which is based entirely on the same basis.

Finally, the Court will grant Plaintiff's Motion to Remand.   Plaintiff's First Amended Complaint alleges that she and Defendant Ramsey are citizens of the State of Missouri.   As the parties are no longer diverse, this Court lacks subject matter jurisdiction to hear the case. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court will grant Plaintiff's Motion to Remand and remand this case to the Circuit Court of St. Charles County, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall correct docket to reflect Defendant's proper name.   Defendant Live National Entertainment, Inc., shall be changed to Live Nation Worldwide, Inc.

**IT IS FURTHER ORDERED** that Defendant Live Nation Worldwide Inc.'s motion for the Court to reconsider its October 22, 2020 Order Granting Plaintiff's Motion for Leave to Amend her Complaint is **DENIED.**   [ECF No. 20]

**IT IS FURTHER ORDERED** that Defendant Leslie Ramsey's Motion to Dismiss is **DENIED.**   [ECF No. 30]

**IT IS FURTHER ORDERED** that Plaintiff Darcy Smith's Motion to Remand is **GRANTED.**   [ECF No. 24]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Charles County, Missouri

An appropriate Order of Remand will accompany this memorandum and order.


**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this _____ day of January, 2021.